UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HARRY M. WALSH,**

      **Petitioner,**

**v.**                                **Case No. 8:19-cv-3153-MSS-AEP**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

      **Respondent.**

_____/

## O R D E R

Walsh petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court convictions for possession of child pornography in *State v. Walsh*, No. 12-CF-16132 (Fla. 12th Jud. Cir.) and *State v. Walsh*, No. 12-CF-16432 (Fla. 12th Jud. Cir.). (Docs. 1 and 2) The Respondent responds that the petition is untimely (Doc. 13), and Walsh replies. (Doc. 15) After reviewing the petition, the response, the state court record (Doc. 14), and the reply, the Court construes the Respondent's response (Doc. 13) as a motion to dismiss and **DENIES** the construed motion to dismiss.

### PROCEDURAL HISTORY

An amended information in No. 12-CF-16432 charged Walsh with ten counts of possession of child pornography. (Doc. 14-2 at 79–84) An amended information in No. 12-CF-16132 charged Walsh with seven counts of possession of child pornography. (Doc. 14-8 at 88–92) In both cases, Walsh pleaded no contest to the crimes without an agreement with the prosecutor and reserved his right to appeal an order denying his motion to suppress and an order denying his motion to dismiss. (Docs. 14-3 at 191, 197–98 and 14-9 at 81, 87–88) In

No. 12-CF-16432, the trial court sentenced Walsh to 220 months on one count and 180 months on the remaining nine counts, with three counts imposed consecutively and all remaining counts imposed concurrently, for an aggregate sentence of 580 months. (Docs. 14-4 at 185–88 and 14-14 at 150) In No. 12-CF-16132, the trial court sentenced Walsh to 180 months on all seven counts, with all counts imposed concurrently but imposed consecutively to the sentence in No. 12-CF-16432. (Doc. 14-10 at 184–86)

Walsh appealed the convictions and sentences. (Docs. 14-4 at 190–91 and 14-10 at 187–88) The state appellate court consolidated the two appeals and affirmed in a written opinion. (Doc. 14-14 at 89–99)[1] The state supreme court denied Walsh review. (Doc. 14-14 at 202)

Walsh moved to correct his sentence under Rule 3.800(a), Florida Rules of Criminal Procedure (Doc. 14-14 at 260–65), and the post-conviction court denied relief. (Doc. 14-14 at 266–75) Walsh contends that he timely placed in the hands of prison officials for mailing a notice of appeal. (Doc. 14-14 at 280) However, the trial court clerk never received the notice of appeal. Almost a year later, Walsh filed in the state appellate court a document titled "Motion to Accept Appeal as Timely." (Doc. 14-14 at 290–95) The state appellate court construed the *pro se* motion as a petition for a belated appeal, granted the construed petition, and directed the state court trial clerk to treat the order granting belated review as a notice of appeal. (Doc. 14-14 at 311) The state appellate court reviewed and affirmed the post-conviction court's order denying relief. (Doc. 14-14 at 285) Walsh's federal petition follows.

---

[1] The state appellate court remanded the case for correction of a scrivener's error in the judgment. (Doc. 14-14 at 89–99)

## ANALYSIS

Because Walsh filed his Section 2254 petition after the enactment of the Antiterrorism and Effective Death Penalty Act, AEDPA applies. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a one-year statute of limitation applies to a Section 2254 petition. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitation period runs from the latest of:

>    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In his petition, Walsh asserts that the trial court violated his Fifth Amendment right against double jeopardy by imposing the consecutive sentences and violated his Fourth Amendment right against unreasonable searches and seizures by denying his motion to suppress. (Doc. 1 at 5–10) Consequently, the limitation period began to run when direct review concluded or the time to seek direct review expired. 28 U.S.C. § 2244(d)(1)(A).

On October 5, 2016, the state supreme court denied review. (Doc. 14-14 at 202) Walsh did not seek further review in the U.S. Supreme Court, and the time to seek that

review expired ninety days later — January 4, 2017. Sup. Ct. R. 13(3). The limitation period started to run the next day. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

The limitation period tolls while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). The limitation period ran for 252 days until September 14, 2017, when Walsh placed in the hands of prison officials for mailing a motion to correct his sentence. (Doc. 14-14 at 260–64) The post-conviction court denied the motion on September 27, 2017. (Doc. 14-14 at 266–75) Walsh contends that he placed a notice of appeal in the hands of prison officials for mailing on October 23, 2017. (Doc. 14-14 at 280–81) The clerk of the trial court never received the notice of appeal.

Almost a year later, on October 12, 2018, Walsh placed in the hands of prison officials for mailing to the state appellate court a document titled "Motion to Accept Appeal as Timely." (Doc. 14-14 at 290–95)[2] In the motion, he asserted that the notice of appeal was timely filed under Florida's prison mailbox rule. (Doc. 14-14 at 291) Attached to the motion is a notice of appeal signed by Walsh with a prison stamp stating that the prison received the document for mailing on October 23, 2017. (Doc. 14-14 at 294)

After the state appellate court directed Walsh to file an amended petition for a belated appeal under oath, Walsh filed a document titled "Amended Motion to Accept as Timely" and requested that the state appellate court not construe the document as a petition for a belated appeal (Doc. 14-14 at 298):

---

[2] On September 27, 2018, Walsh placed in the hands of prison officials for mailing to the state appellate court a document titled "Notice of Inquiry," requesting the status of his appeal. (Doc. 14-14 at 319–22) The state appellate court responded that Walsh had not appealed an order denying his motion to correct his sentence. (Doc. 14-14 at 317)

Appellant received an order from this Court directing him to file an amended petition for belated appeal. However, Appellant would be prejudiced by proceeding under a belated appeal, because it would negatively impact his ability to file a timely habeas petition under 28 U.S.C. § 2254, where belated appeals are not considered by [the] federal courts as valid reasons for equitable tolling of the one-year period of limitations.

Accordingly, based on the facts stated herein, Appellant respectfully requests this court [to] allow the instant appeal to proceed as initiated through a notice of appeal filed on October 23, 2017, and attached as Exhibit 1 of Appellant's Motion to Accept Appeal as Timely.

Counsel for the State of Florida responded that she consulted with the prosecutor's office, reviewed the prosecutor's file, and could neither confirm nor deny Walsh's allegations concerning the notice of appeal. (Doc. 14-14 at 303–09) On February 14, 2019, the state appellate court construed the *pro se* motion as a petition for a belated appeal and granted the construed motion as follows (Doc. 14-14 at 311):

Petitioner's "motion to accept appeal as timely" is treated as a petition for belated appeal. The petition for belated appeal of the summary denial of petitioner's post-conviction motion in the trial court is granted in circuit court case number 2012-CF-16132-NC and 2012-CF-16432-NC for review of the trial court's order of September 26, 2017.

The circuit court clerk shall treat this order as a notice of appeal, promptly certify [the] same, and return it to this court as with any notice of appeal, and a new appellate case number will be assigned to this appeal and an acknowledgment letter will issue at that time. The summary record shall be transmitted to this court when the certified copy of this order is returned by the trial court clerk.

After a new appellate case number is assigned and an acknowledgment letter has issued, this court will issue an order advising the appellant of the due date of the optional initial brief.

On October 30, 2019, the state appellate court affirmed the post-conviction court's order denying relief. (Doc. 14-14 at 285)

The Respondent asserts that the petition is untimely because Walsh failed to timely appeal the order denying his motion to correct his sentence, the limitation period started to run when the time to appeal expired, the limitation period expired before Walsh filed his construed petition for a belated appeal, and the petition for a belated appeal did not toll the limitation period. (Doc. 13 at 9)

Walsh responds that, under Florida's prison mailbox rule, the notice of appeal was timely and properly filed. (Doc. 15 at 5) He contends that a prison stamp on the notice of appeal shows that he placed the notice in the hands of prison officials for mailing on October 23, 2017. (Doc. 15 at 6) He asserts that the prison stamp proves that he complied with the state court's procedural requirements governing the time and place of filing a notice of appeal. (Doc. 15 at 6)

In a subsequent filing, the Respondent asserts that the prison stamp on the notice of appeal fails to comply with Rule 33-210.102(8)(g), Florida Administrative Code, which requires initials by both the prisoner submitting the document for mailing and the prison official receiving the document. (Doc. 20 at 3–4) Walsh responds that the institution where he submitted the notice of appeal does not comply with Rule 33-210.102(8)(g) and submits as proof ten documents, which contain a prison stamp with one set of initials, that he mailed from the same institution. (Docs. 22 at 4 and 22-1)

If Walsh timely filed the notice of appeal, the limitation period tolled until November 25, 2019, when mandate issued on post-conviction appeal. (Doc. 14-14 at 287) *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000). The limitation period started to run the next

day. At that time, because the time to seek review in the U.S. Supreme Court expired January 4, 2017 (Doc. 14-14 at 202) and Walsh filed his motion to correct his sentence on September 14, 2017 (Doc. 14-14 at 260–64), 252 days had run on the limitation period. Twenty-four days later, on December 20, 2019, Walsh placed in the hands of prison officials for mailing his federal petition. (Doc. 1) If Walsh timely filed the notice of appeal, his federal petition is timely.

If Walsh did not timely file the notice of appeal, the time to appeal the post-conviction court's September 27, 2017 order denying relief expired thirty days later — October 30, 2017. Fla. R. App. P. 9.110(b) and 9.141(b)(1).[3] (Doc. 14-14 at 266–75) The limitation period started to run the next day and expired 113 days later — February 21, 2018. The construed petition for a belated appeal that Walsh placed in the hands of prison officials for mailing on October 12, 2018 (Doc. 14-14 at 290–92) did not toll the limitation period because Walsh filed the construed petition after the limitation period expired. *Tinker v. Moore*, 321 F.3d 1377, 1380–81 (11th Cir. 2003).

The Court determines that *Dean v. Sec'y, Dep't Corrs.*, 361 F. App'x 38 (11th Cir. 2010) is persuasive on this issue. 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). In *Dean*, 361 F. App'x at 39, the petitioner stated under penalty of perjury that he placed a post-conviction motion in the hands of prison officials for mailing on June 24, 2003. Between 2003 and 2006, the petitioner filed three letters of inquiry to the post-conviction court. *Id.* at 39–40. On September 26, 2006, the petitioner filed a document titled "Express and Specific Demand

---

[3] Because the time to appeal expired on Saturday, October 28, 2017, the time to appeal extended to Monday, October 30, 2017. Fla. R. App. P. 9.420(e); Fla. R. Jud. Admin. 2.514(a)(1)(C).

for Performance" and requested that the post-conviction court rule on his motion. *Id.* at 40. The post-conviction court struck the pleading and advised the petitioner that no motion was pending before the court. *Id.* at 40.

The petitioner moved the post-conviction court to accept his motion *nunc pro tunc* to June 24, 2003, the date that he certified that he placed the motion in the hands of prison officials for mailing. 361 F. App'x at 40. *Dean*, 361 F. App'x at 40 (citations omitted), summarized the post-conviction court's denial of the motion as follows:

> On December 18, 2006, the Florida circuit court — without ordering or receiving a response from the State — denied Dean's motion to accept his Rule 3.800(a) motion, which was actually received by the court only on November 22, 2006, as filed with the court *nunc pro tunc* as of June 24, 2003. The Florida circuit court concluded that because Rule 3.800(a) motions "are not subject to any time constraints, and may even be filed many years after the judgment and sentence becomes final, the Court accepts Defendant's Motion to Correct Illegal Sentence, the instant Motion, as properly filed November 22, 2006" with the court. The Florida circuit court pointed out that there was "no date stamp from any corrections facility indicating the date it was provided to corrections officials for mailing," and that the "only date the motion contains is Defendant's handwritten date." The Florida circuit court's order made no mention of Florida's mailbox rule, which focuses on the certificate of service.
>
> After accepting Dean's Rule 3.800(a) motion as properly filed on November 22, 2006 with the court, the Florida circuit court then turned to the merits of Dean's Rule 3.800(a) motion. The Florida circuit court denied the Rule 3.800(a) motion on the merits. Dean appealed, and on March 20, 2007, the Florida Fifth District Court of Appeal summarily affirmed. The mandate issued on May 21, 2007.

In *Dean*, 361 F. App'x at 40–41, the district court dismissed the petitioner's federal petition as untimely after determining that the petitioner did not file the motion to correct in 2003, when the petitioner certified that he placed the motion in the hands of prison

officials for mailing, and instead filed the motion when the post-conviction court received the motion. *Dean*, 361 F. App'x at 42–43, reversed and held that, under these circumstances, Florida's prison mailbox rule applied:

> In this case, the question is what date of filing should this Court use for purposes of applying AEDPA's statute of limitations. More specifically, should we apply Florida's mailbox rule and use the June 24, 2003 date that is on the certificate of service and on which Dean avers he gave his Rule 3.800(a) motion to prison officials, or should we use the November 22, 2006 date based on the Florida circuit court's refusal to grant Dean *nunc pro tunc* status and accept his Rule 3.800(a) motion as received by the court on June 24, 2003.
>
> Here, according to Florida's mailbox rule, Dean's Rule 3.800(a) [motion] is presumed to be timely filed as of June 24, 2003, because Dean's motion "contain[ed] a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on [June 24, 2003], [and] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."
>
> The Florida circuit court's order never mentioned the mailbox rule, nor did it have to. It was not necessary for the Florida circuit court to address the mailbox rule or to grant Dean *nunc pro tunc* acceptance of his Rule 3.800(a) motion because for purposes of the state court proceeding, Dean's Rule 3.800(a) motion was timely even if received by the court only on November 22, 2006. But none of that changes the fact that for purposes of applying § 2244(d)(2) statutory tolling, where the Florida mailbox rule does come into play, Dean's Rule 3.800(a) motion is presumed to have been properly filed as of June 24, 2003.[6]
>
> > [6] We also find that the district court's importation of a diligence requirement into the "properly filed" analysis, under these circumstances, is misplaced. Florida's mailbox rule does not contain any diligence requirement and, as noted above, we look to state law in determining whether a pleading was "properly filed."

The State argues that the Florida circuit court made a factual finding that Dean's Rule 3.800(a) motion was not filed until

November 22, 2006, that this factual finding is presumed correct, and that Dean has not rebutted this finding with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) (stating that "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence"). The State's characterization of the Florida circuit court's order is incorrect. The Florida circuit court made no factual finding. Instead, it merely reached the legal conclusion that Dean was not entitled to *nunc pro tunc* acceptance of his Rule 3.800(a) motion. As the Florida circuit court stated, "Defendant seeks to have the Court accept his motion to correct illegal sentence as filed June 24, 2003. This, the Court cannot do."

More importantly, this is not a case where the state court refused to consider the petitioner's state collateral petition, either because of untimeliness or any other reason. The Florida circuit court, after stating that it would not accord Dean's Rule 3.800(a) motion *nunc pro tunc* status, considered and denied the Rule 3.800(a) motion on the merits. Again, whether Dean's Rule 3.800(a) motion was filed on June 23, 2004 or November 22, 2006 did not matter, as the Florida circuit court noted in its order denying Dean's motion. In sum, while Dean's Rule 3.800(a) motion was properly filed as a Rule 3.800(a) motion on November 22, 2006 because no Florida statute of limitations applied, it was also properly filed as of June 24, 2003 for purposes of § 2244(d) because of Florida's mailbox rule.

"[A federal court] look[s] to the state procedural rules governing filings to determine whether an application for state post-conviction relief is 'properly filed.'" *Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004) (citing *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000)). A Florida court applies the prison mailbox rule, which "presume[s] that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date . . . ." *Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000). "This presumption will shift the burden to the State to prove that the document was not timely placed in prison officials' hands for mailing." *Thompson*, 761 So. 2d at 326. *See also Griffin v. Sistuenck*, 816 So. 2d 600, 602–03

(Fla. 2002). The state supreme court codified the prison mailbox rule in Rule 9.420(a)(2), Florida Rules of Appellate Procedure, which states:

> The filing date of a document filed by a *pro se* inmate confined in an institution shall be presumed to be the date it is stamped for filing by the clerk of the court, except as follows:
>
>> (A) the document shall be presumed to be filed on the date the inmate places it in the hands of an institutional official for mailing if the institution has a system designed for legal mail, the inmate uses that system, and the institution's system records that date . . . .

A prison stamp on Walsh's notice of appeal confirms that Walsh placed the notice in the hands of prison officials for mailing on October 23, 2017. (Doc. 14-14 at 294) When the State of Florida responded to Walsh's construed petition for a belated appeal, the State of Florida could neither confirm nor deny that Walsh placed the notice in the hands of prison officials on that date. (Doc. 14-14 at 303–04) Under Rule 9.420(a)(2) and Florida's prison mailbox rule, Walsh timely filed the notice of appeal on October 23, 2017.

Even though the prison stamp on the notice of appeal does not contain two sets of initials required by Rule 33-210-102(8)(g), Walsh's federal petition (Doc. 1), his memorandum supporting the federal petition (Doc. 2), a *pro se* letter to the clerk attached to his motion for leave to proceed *in forma pauperis* (Doc. 6), his reply (Doc. 15), his motion for leave to supplement the petition (Doc. 16), and his notice of supplemental authority (Doc. 17) filed in this action also contain only one set of initials. The Clerk of this Court timely received those documents. Consequently, the Court determines that the absence of two sets

of initials on the prison stamp of the notice of appeal does not prove that Walsh failed to timely place the notice in the hands of prison officials for mailing.[4]

Like in *Dean*, when the state appellate court in this case granted belated review, the state appellate court did not determine that Walsh filed the notice of appeal on a different date. The state appellate court instead determined that Walsh demonstrated good cause for a belated appeal and subsequently reviewed the merits of his appeal. (Doc. 14-14 at 285, 311) The state appellate court did not need to determine the date that Walsh filed the notice of appeal because a rule of appellate procedure authorized the state appellate court to grant Walsh belated review. Fla. R. App. P. 9.141(c)(4)(F)(ii) ("[A] petition seeking belated appeal [ ] must identify the circumstances, including names of individuals involved and date(s) of the occurrence(s), that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal . . . ."); *Thompkins v. State*, 876 So. 2d 711, 712 (Fla. 4th DCA 2004) ("'Absent a showing in the state's response of a good faith basis for opposing a facially sufficient petition, belated appeal will be granted without appointment of a commissioner.'") (quoting *Reese v. State*, 743 So. 2d 1104 (Fla. 4th DCA 1998)).

Because Walsh timely filed a notice of appeal on October 23, 2017, the limitation period continued to toll until November 25, 2019 (Doc. 14-14 at 287), when mandate issued on post-conviction appeal. The limitation period started to run the next day. At that time, 252 days had run on the limitation period. Twenty-four days later, on December 20, 2019,

---

[4] In a footnote, the Respondent contends that the outgoing mail log from the prison does not show that Walsh mailed the notice of appeal on October 23, 2017. (Doc. 13 at 16 n.5) Walsh responds that he paid for postage for mailing the notice of appeal (Doc. 16 at 2) and submits correspondence from prison staff that states that the prison does not record outgoing mail with postage paid by an inmate. (Doc. 16-1 at 2)

Walsh placed in the hands of prison officials for mailing his federal petition. (Doc. 1) Because Walsh filed the federal petition within the one-year statute of limitation, Walsh timely filed the petition.

Accordingly, the Respondent's construed motion to dismiss (Doc. 13) is **DENIED**. No later than **60 DAYS** from the date of this Order, the Respondent must submit a supplemental response addressing the merits of Walsh's petition. No later than **30 DAYS** after the Respondent submits the supplemental response, Walsh may file a reply. The reply must not exceed twenty pages. The Clerk is **DIRECTED** to **STAY** and **ADMINISTRATIVELY CLOSE** this case until the parties submit the supplemental briefs.

**DONE AND ORDERED** in Tampa, Florida on March 9, 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE